IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE SCHAFRATH and DEBRA SCHAFRATH,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>) No. 1:05-cv-01656 (GK)<br>)<br>)<br>)<br>)<br>)<br>) |

## UNITED STATES' MOTION TO DISMISS

Under Fed.R.Civ.P. 12(b), the United States moves this Court to dismiss

plaintiffs' complaint, and for any further relief this Court deems just and proper.  As

grounds for this motion, the United States submits that plaintiffs failed to properly

serve the United States and failed to state a claim upon which relief can be granted.

A brief in support of this motion and a proposed order are submitted.

Date: October 28, 2005

Respectfully submitted,

/s/ Pat S. Genis

PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C.  20044
Telephone:  (202) 307-6390

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

1397291.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAWRENCE SCHAFRATH and ) 
DEBRA SCHAFRATH, )
)
)
Plaintiffs, ) No. 1:05-cv-01656 (GK)
)
v. )
)
UNITED STATES, )
)
Defendant. )

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

This is a civil action in which plaintiffs alleges that, beginning with tax year 2000, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code.

## STATEMENT

Plaintiffs, Lawrence Schafrath and Debra Schafrath, filed this complaint on August 15, 2005. No summons was issued. The complaint alleges that "in connection with the collection of Federal tax beginning with 'tax year' 2000", the IRS "disregarded and continue [sic] to disregard provisions" of the Internal Revenue Code. (Compl. I.)

## ARGUMENT

This case must be dismissed because plaintiffs have not served the United States Attorney for the District of Columbia nor the United States Attorney General, and because they have not alleged any facts which state a claim upon which relief can be granted.

1.      Plaintiffs Failed to Properly Serve the United States; Accordingly, This
        Court Lacks Jurisdiction.

Service upon the United States, its agencies, or employees, is governed by

Fed.R.Civ.P. 4(i), and is effected by: (1) delivering a copy of the summons and

complaint to the United States attorney for the district in which the action is brought, or

by sending a copy of the summons and complaint by registered or certified mail

addressed to the civil process clerk at the office of the United States attorney; and (2) by

sending a copy of the summons and complaint by registered or certified mail to the

Attorney General of the United States at Washington, DC; and (3) by sending a copy of

the summons and complaint by registered or certified mail to the officer, employee

and/or agency of the United States being sued.  Fed.R.Civ.P. 4(i); Relf v. Gasch, 511

F.2d 804 (D.C. Cir. 1975); Hodge v. Rostker, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States, its agencies and employees, deprives

the Court of personal jurisdiction, leaving the Court with no power to compel an

answer or response.  Rabiolo v. Weinstein, 357 F. 2d 167, 168 (7th Cir. 1966); see also

Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 715 n.6

(1982) (Powell, J. concurring).  A jurisdictional defect of this sort is fatal to maintenance

of an action.  Bland v. Britt, 271 F. 2d 193 (4th Cir. 1959).  Accordingly, courts routinely

dismiss actions when service is improper.  See Light v. Wolf, 816 F. 2d 746, 750 (D.C.

Cir. 1987).  Once a defendant challenges the sufficiency of service of process, the party

alleging adequate service of process has the burden of proving that such service was

- 2 -

proper.  See <u>Myers v. American Dental Ass'n</u>, 695 F. 2d  716, 725 n.10 (3d Cir. 1982);

<u>Familia De Boom v. Arosa Mercantil, S.A.</u>, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, there is no indication that plaintiffs served anyone.  On the contrary,

the docket indicates that <u>no</u> summons was issued.  This lack of service entitles the

United States to a dismissal of plaintiffs' complaint under rule 4(i).

2.    <u>Plaintiffs Have Failed to State a Claim</u>.

Plaintiffs' complaint is legally insufficient, and should be dismissed under

Fed.R.Civ.P. 12(b)(6).  A complaint need only set forth a short and plain statement of the

claim that gives the defendant fair notice of the claim and grounds upon which it rests.

Fed.R.Civ.P. 8(a).  But, a court should dismiss a complaint when the plaintiff can prove

no set of facts in support of his claim that would entitle the plaintiff to relief.  <u>Warren v.</u>

<u>District of Columbia</u>, 353 F.3d 36, 37 (D.C. Cir. 2004).  Plaintiffs here have alleged <u>no</u>

facts whatsoever: they do not specify the type of tax at issue, the specific tax years at

issue, or the amount in dispute.  Accordingly, plaintiffs have failed to state a claim upon

which relief can be granted.

1397291.1

## CONCLUSION

Because plaintiffs have failed to properly serve the United States and failed to

state a claim upon which relief can be granted, their complaint should be dismissed.

Date: October 28, 2005.

Respectfully submitted,

/s/ Pat S. Genis

PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C.  20044
Telephone:  (202) 307-6390

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

1397291.1